# EXHIBIT A

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Southern _____   District of ___Florida_____

In re __Joseph K. Rensin_____
           Debtor

*(Complete if issued in an adversary proceeding)*

__Federal Trade Commission___
           Plaintiff
                        v.
__Joseph K. Rensin_____
           Defendant

Case No. __17-11834-EPK_____

Chapter _____

Adv. Proc. No. __17-01185-EPK__

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __John Burcham, c/o EZShield Identity Crime Protection, 415 Williams Ct STE 110-116, Baltimore, MD 21220__
*(Name of person to whom the subpoena is directed)*

[x]  *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE  Federal Trade Commission,  400 7th St SW, Washington, DC 20024 | DATE AND TIME Sept. 5, 2017 at 9:00 a.m. |
|---|---|

The deposition will be recorded by this method:
   Stenographic

[x]  *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
   See attached Schedule to Subpoena.  Produce documents by **August 4, 2017**.

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __7/14/2017__

                  CLERK OF COURT

                                                    OR
   _____            _____
   *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
   __Federal Trade Commission___ , who issues or requests this subpoena, are:
__Michael Mora, FTC, 600 Pennsylvania Ave., NW, CC-9528, Washington, DC, 20580; 202-326-3373; mmora@ftc.gov__

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE TO SUBPOENA TO JOHN BURCHAM

Pursuant to Fed. R. Civ. P. 45 and Bankr. S.D. Fla. Local Rule 7026-1, plaintiff Federal Trade Commission incorporates this Schedule as part of its subpoena. The following definitions, instructions, and specifications apply to the subpoena.

## I.  **DEFINITIONS**

A.    "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Schedule all information that otherwise might be construed to be outside the scope of the specification.

B.    "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

C.    "**BlueHippo**" shall mean BlueHippo Funding, LLC and BlueHippo Capital, LLC.

D.    "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, or label. **"Document" shall also include all documents, materials, and information, including Electronically Stored Information, within the meaning of the Federal Rules of Civil Procedure.**

E.    "**Each**" shall be construed to include "**every**," and "**every**" shall be construed to include "**each**."

F.    "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by you into a reasonably usable form. This includes, but is not limited to, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.

G.    "**FTC**" or "**Commission**" shall mean the Federal Trade Commission.

H.      "**Include**" and "**including**" mean "without limitation," or "including but not limited to," to avoid excluding any documents or information that might otherwise fall within the scope of any specification.

I.      "**Referring to**" or "**relating to**" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

J.      "**Rensin**" means Joseph K. Rensin, the defendant in the case titled *FTC v. Joseph K. Rensin*, Case No. 17-11834-EPK, Adv. No. 17-01185-EPK (Bankr. S.D. Fla. 2017).

K.      "**You**" and "**your**" shall mean the person or entity to whom this subpoena is issued.

## II.    INSTRUCTIONS

A.      **Scope of Search**:  This subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, partners, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

B.      **Document Production:**  You shall produce the documentary material at the place of production identified.  Alternatively, you may send all responsive documents to Michael Mora, Federal Trade Commission, 600 Pennsylvania Ave., NW, CC-9528, Washington, DC, 20580.  Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS.  Notice of your intended method of production shall be given by email or telephone to Michael Mora at 202-326-3373, mmora@ftc.gov, at least five days prior to the return date.

C.      **Document Identification:**  Documents that may be responsive to more than one specification need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive.  If any documents responsive have been previously supplied to the Commission, you may comply with this subpoena by identifying the document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came.  In addition, number all documents in your submission with a unique identifier, and indicate the total number of documents in your submission.

D.      **Production of Copies:**  Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of

receipt of this subpoena.  Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request.

       E.      **Electronic Submission of Documents:**  See the attached "Federal Trade Commission, Bureau of Consumer Protection Concordance/Relativity Production Requirements," which details all requirements for submission of information, generally requiring that files be produced in native form and specifying the metadata to be produced.

       F.      **Sensitive Personally Identifiable Information:**  If any material called for by this subpoena contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production.

       For purposes of this subpoena, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number <u>in combination with</u> one or more of the following: date of birth; Social Security number; driver's license number or other state identification number or a foreign country equivalent; passport number; financial account number; credit card number; or debit card number.  Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

       G.      **Certification of Records of Regularly Conducted Activity:**  Attached is a Certification of Records of Regularly Conducted Activity, which may reduce the need to subpoena you to testify at future proceedings in order to establish the admissibility of documents produced in response to this subpoena.  You are asked to execute this Certification and provide it with your response.

## SPECIFICATIONS – DOCUMENT REQUESTS

1. Produce all Documents related to BlueHippo's marketing, advertising, and sales materials and campaigns, and telemarketing scripts, including sales pitch scripts.

2. Produce all Documents related to BlueHippo's customer service department, including customer service scripts.

3. Produce all Documents related to BlueHippo's customer contract, installment payment plan, customer acknowledgments, contract cancellation policies and procedures, credit and refund policies and procedures, and exchange and repurchase policies and procedures.

4. Produce all Documents related to BlueHippo's business model and strategies, including the decision to sell computers on installment payment terms and adjustments to the business model.

5. Produce all Documents related to BlueHippo's Board of Directors, including Board Minutes.

6. Produce all Documents related to BlueHippo's or Rensin's compliance with the April 10, 2008 consent order between the FTC and BlueHippo, including all Documents related to BlueHippo's Compliance Task Force (described as the task force "charged with the specific responsibility of examining the Consent Order to ensure BlueHippo's continuing compliance with it." (Dkt. No. 6 at 14 (Defendant's Answer))).

**Federal Trade Commission, Bureau of Consumer Protection
Concordance/Relativity Production Requirements**

Please submit all documents according to the instructions below.

**<u>Production Format</u>**

1.  Submit Concordance load-ready electronic productions with:

    a.  an Opticon image load file (OPT) containing a line for every image file in the production, and

    b.  a Concordance delimited data load file (DAT) containing a line for every document in the production, with bates references, metadata fields, and native file links where applicable.

2.  ESI – Documents stored in electronic format in the ordinary course of business shall be submitted in the following electronic format:

    a.  Microsoft Excel, Access, and PowerPoint – Submit in native format with extracted text and metadata.  Data compilations in Excel spreadsheets or in delimited text formats must contain all underlying data unredacted with all underlying formulas and algorithms intact.

    b.  Discuss production of other spreadsheet, database, presentation, and multimedia formats, instant messages, CRM, and proprietary applications with FTC counsel prior to submission.

    c.  Submit all ESI other than that described above in native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata, and with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF) or as color JPEG images (where color is necessary to interpret the contents or render them intelligible).

    d.  Each electronic file should be assigned a unique document identification (DocID) or bates number.

3.  Hard copy – Documents stored in hard copy in the ordinary course of business must be scanned and submitted as 300 DPI individual single page TIFFs (or color JPGs when necessary to interpret documents or render them intelligible), with corresponding document-level OCR text and with logical document determination clearly rendered in an accompanying load file.  Each page shall be endorsed with a DocID or bates number.

4.  Extracted Text/OCR – Submit text as document-level text files, named for the beginning DocID or bates number, and organized into a folder separate from images.  BCP cannot accept Unicode text files and will request replacement files if received.

A-1

5. Document Identification – Each document must have a unique DocId or bates number, consisting of a prefix and a consistent number of numerals to prevent issues with image display, using leading zeros where necessary.  Do not use a space to separate the prefix from numbers.

6. Family Relationships – Regardless of the form of production, preserve the parent/child relationship by:
   a. producing attachments as separate documents and numbering them consecutively to the parent email, and
   b. including a reference to all attachments.

7. Deduplication and Email Threading – You must have FTC counsel approval to utilize any de-duplication or email threading software or services.

8. Password Protected Files – Remove passwords prior to production.  If password removal is not possible, provide a cross reference file including original filename, production filename, and the respective password.

## **Production Metadata**

9. For each document electronically submitted to the FTC, include the following metadata fields in a standard ASCII delimited data load file.  The following charts describe the required metadata for hard copy scanned documents, email, email attachments, and native files.  Alongside each piece of information, include a corresponding field name for the delimited data load file.

   a. Hard Copy Scanned Documents

| Document Info / Metadata | Description | Concordance Field Name |
|---|---|---|
| Beginning Bates number | The beginning bates number for the document | BEGBATES |
| Ending Bates number | The ending bates number for the document | ENDBATES |
| Page Count | The total number of pages in the document | PGCOUNT |
| Custodian | Mailbox where the email resided | CUSTODIAN |

   b. Email

| Document Info / Metadata | Description | Concordance Field Name |
|---|---|---|
| Beginning Bates number | The beginning bates number for the document | BEGBATES |
| Ending Bates number | The ending bates number for the document | ENDBATES |

A-2

| Document Info / Metadata | Description | Concordance Field Name |
|---|---|---|
| Page Count | The total number of pages in the document | PGCOUNT |
| Custodian | Mailbox where the email resided | CUSTODIAN |
| To | Recipient(s) of the email | RECIPIENT |
| From | The person who authored the email | FROM |
| CC | Person(s) copied on the email | CC |
| BCC | Person(s) blind copied on the email | BCC |
| Date Sent | Date the email was sent | DATESENT |
| Time Sent | Time the email was sent | TIMESENT |
| Subject | Subject line of email | SUBJECT |
| Date Received | Date the email was received | DATERCVD |
| Time Received | Time the email was received | TIMERCVD |
| Child records (attachments) | The beginning bates number(s) of attachments delimited by comma | ATTACHMENTID |
| Location or "Path" | Location of email in personal folders/Deleted Items/Sent Items | FILEPATH |
| Message ID | MS Outlook Message ID or similar number in other message systems | MESSAGEID |

### c.  Email Attachments

| Document Info / Metadata | Description | Concordance Field Name |
|---|---|---|
| Beginning Bates number | The beginning bates number for the document | BEGBATES |
| Ending Bates number | The ending bates number for the document | ENDBATES |
| Page Count | The total number of pages in the document | PGCOUNT |
| Custodian | The name of the original custodian of the file | CUSTODIAN |
| Parent Record | Beginning bates number of parent email | PARENTID |
| Creation Date | The date attachment was saved at the location on the electronic media for the first time | CREATEDATE |
| Creation Time | The time the attachment was saved at the location on the electronic media for the first time | CREATETIME |
| Modified Date | The date/time the attachment was last changed, and then saved | MODDATE |
| Modified Time | The time the attachment was last changed, and then saved | MODTIME |
| Last Accessed Date | The time the attachment was last opened, scanned, or even "touched" by a user or software activity | LASTACCDATE |

A-3

| Document Info / Metadata | Description | Concordance Field Name |
|---|---|---|
| Last Accessed Time | The time the attachment was last opened, scanned, or even "touched" by a user or software activity | LASTACCTIME |
| Size | The amount of space the file takes up on the electronic media.  Usually recorded in kilobytes, however may be reported in single bytes | FILESIZE |
| File Name | The name of the attachment including the extension denoting the application in which the file was created | FILENAME |
| Native link | Relative path of submitted native files such as Excel spreadsheets | NATIVELINK |
| Hash | The SHA (Secure Hash Algorithm) or MD5 (Message Digest) hash for the original native file if available | HASH |

   d.  Native Files

| Document Info / Metadata | Description | Concordance Field Name |
|---|---|---|
| Beginning Bates number | The beginning bates number for the document | BEGBATES |
| Ending Bates number | The ending bates number for the document | ENDBATES |
| Page Count | The total number of pages in the document | PGCOUNT |
| Custodian | The name of the original custodian of the file | CUSTODIAN |
| Creation Date | The date attachment was saved at the location on the electronic media for the first time | CREATEDATE |
| Creation Time | The time the attachment was saved at the location on the electronic media for the first time | CREATETIME |
| Modified Date | The date/time the attachment was last changed, and then saved | MODDATE |
| Modified Time | The time the attachment was last changed, and then saved | MODTIME |
| Last Accessed Date | The time the attachment was last opened, scanned, or even "touched" by a user or software activity | LASTACCDATE |
| Last Accessed Time | The time the attachment was last opened, scanned, or even "touched" by a user or software activity | LASTACCTIME |
| Size | The amount of space the file takes up on the electronic media.  Usually recorded in kilobytes | FILESIZE |
| File Name | The name of the file including the extension denoting the application in which the file was created | FILENAME |
| Native link | Relative path of submitted native files | NATIVELINK |
| Hash | The SHA (Secure Hash Algorithm) or MD5 Hash  for the original native file if available | HASH |

10. Use these delimiters in delimited data load files:

| Description | Symbol | ASCII Character |
|---|---|---|
| Field Separator | < | 20 |
| Quote Character | Þ | 254 |
| Multi Entry delimiter | ® | 174 |
| <Return> Value in data | ~ | 126 |

11. Submit date and time data in separate fields so Concordance can load it.

## Production Media and Submission

12. Prior to production, scan all media and data contained therein for viruses and confirm the media and data is virus free.

13. For productions smaller than 50 GB, the FTC can accept electronic file transfer via FTC-hosted secure file transfer protocol.  Contact the FTC to request this option.  The FTC cannot accept files via Dropbox, Google Drive, or other third-party file transfer sites.

14. Use the least amount of media necessary for productions.  Acceptable media formats are optical discs (CD, DVD), flash drives, and hard drives.  Format all media for use with Windows 7.

15. Data encryption tools may be employed to protect privileged or other personal or private information.  Discuss encryption formats with the FTC prior to production.  Provide encryption passwords in advance of delivery, under separate cover.

16. Postal delivery to the FTC is subject to delay due to heightened security precautions.  Mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

17. Provide a production transmittal letter with all productions that includes:

   a. Production volume name (e.g., Volume 1),
   b. Date of production,
   c. The numeric DocID number range of all documents included in the production,
   d. List of custodians and the DocID number range for each,
   e. Total number of records and all underlying images, emails, and associated attachments, native files, and databases in the production;
   f. List of load file fields in the order in which they are organized in the data file.

A-5

### <u>CERTIFICATION OF RECORDS OF REGULARLY CONDUCTED ACTIVITY</u>
### Pursuant to 28 U.S.C. § 1746

1.      I, _____, have personal knowledge of the facts set forth below and am competent to testify as follows:

2.      I have authority to certify the authenticity of the records produced by **John Burcham** and attached hereto.

3.      The documents produced and attached hereto by **John Burcham** are originals or true copies of records of regularly conducted activity that:

      a)      Were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

      b)      Were kept in the course of the regularly conducted activity of **John Burcham**; and

      c)      Were made by the regularly conducted activity as a regular practice of **John Burcham.**

I certify under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2017.

_____
Signature